OPINION
Defendant-appellant, Jeffrey A. Johns, appeals the judgment of the Clermont County Court of Common Pleas sentencing him to prison and adjudicating him to be a sexual predator. For the reasons that follow, we affirm the decision of the trial court.
Appellant was indicted on four counts of gross sexual imposition of a person younger than the age of thirteen. The victim was his four-year-old daughter. Appellant pled guilty to one count of gross sexual imposition and one count of attempted gross sexual imposition. In exchange for his plea, the state agreed to dismiss the remaining counts in the indictment.
The trial court found appellant guilty. The trial court sentenced appellant to serve five years in prison for gross sexual imposition and a concurrent term of eighteen months in prison for attempted gross sexual imposition. The trial court also adjudicated appellant to be a sexual predator.
Appellant appeals from the judgment of the trial court and raises two assignments of error for review.
Assignment of Error No. I:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO SERVE TWO MAXIMUM TERMS OF IMPRISONMENT FOR A THIRD DEGREE FELONY AND A FOURTH DEGREE FELONY WHEN HE HAD NEVER BEFORE BEEN SENTENCED TO PRISON.
In his first assignment of error, appellant challenges three aspects of his sentence: (1) the decision to impose a prison term rather than community control, (2) the decision to impose more than the minimum prison term for each count, and (3) the decision to impose the maximum prison term for each count. In each instance, appellant maintains that the trial court's decision is not supported by the record or is contrary to law. We will address each aspect in turn.
An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C.2953.08(F)(1) through (3). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
 The Decision to Impose a Prison Term
Appellant first contends that the trial court's failure to find one of the factors listed in R.C. 2929.13(B)(1) precluded the trial court from imposing a prison sentence for his offenses.
R.C. 2929.13(B) governs the sentencing of an offender who commits a fourth or fifth degree felony. As this court has held previously, the statute does not create a presumption that an offender who commits a fourth or fifth degree felony should be sentenced to community control rather than prison. See, e.g., State v. Ladnow (Nov. 19, 2001), Clermont App. No. CA2001-02-026, unreported; State v. Carr (Jan. 31, 2000), Butler App. No. CA99-02-034, unreported. Rather, the statute gives general guidance and a disposition against imprisonment for an offender who commits a fourth or fifth degree felony. Id.
R.C. 2929.13(B) provides a trial court with two means of imposing a prison term. The trial court is required to first determine whether any of the factors enumerated in R.C. 2929.13(B)(1) are applicable. If the court finds that at least one of the factors is applicable, the court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.13(B)(2)(a). If the trial court determines that the offender is not amenable to community control, and that a prison term is consistent with R.C. 2929.11
purposes and principles of felony sentencing, the court is then required to impose a prison term. R.C. 2929.13(B)(2)(a).
Alternately, a prison term may also be imposed when the trial court does not make a finding that one of the imprisonment factors under R.C.2929.13(B)(1) is applicable to the offender. In this circumstance, the trial court reviews whether community control is consistent with the purposes and principles of felony sentencing by considering the seriousness and recidivism factors enumerated in R.C. 2929.12. R.C.2929.13(B)(2)(b). If the trial court concludes that a community control sanction is not consistent with the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11, the trial court retains its broad discretion to impose a prison sentence. R.C. 2929.13(A); Carr at 6.
In the instant case, appellant was convicted of gross sexual imposition and attempted gross sexual imposition. Gross sexual imposition is a felony of the third degree. R.C. 2907.05(B). Attempted gross sexual imposition is a felony of the fourth degree. R.C. 2923.02(E). Since gross sexual imposition is a felony of the third degree, R.C. 2929.13(B)(2) does not apply. With regard to attempted gross sexual imposition, the trial court determined that none of the R.C. 2929.13(B)(1) factors were applicable. After considering the seriousness and recidivism factors, the trial court found that a community control sanction for appellant would be inconsistent with the purposes and principles of felony sentencing. Therefore, we hold that the trial court made the requisite findings to justify the imposition of a prison term pursuant to R.C. 2929.13(B)(2).
 The Decision to Impose More than the Minimum Prison Term
The trial court must impose the minimum term for an offender who, like appellant, has not previously served a prison term unless it finds on the record either that a minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). When a court imposes a prison term greater than the minimum, it does not need to specify its underlying reasons on the record. State v. Edmonson (1999),86 Ohio St.3d 324, syllabus. Rather, it is sufficient that the record reflects that the court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum.
The trial court specifically found in its judgment entry sentencing appellant "that the shortest prison term will demean the seriousness of the [d]efendant's conduct and that the shortest prison term will not adequately protect the public from future crime by the [d]efendant or others." The trial court made the same findings on the record at the sentencing hearing and, although not required to do so, provided supporting reasons for its decision. Therefore, the trial court's decision to sentence appellant to a term greater than the minimum prison term is supported by the record and is not contrary to law.
 The Decision to Impose Maximum Prison Terms
A trial court may impose the maximum term of imprisonment upon an offender only if the trial court finds on the record that the offender "committed the worst forms of the offense" or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). A trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e); State v. Boshko
(2000), 139 Ohio App.3d 827, 836.
When considering whether a defendant committed the "worst form" of the offense, the trial court is not required to compare the defendant's conduct to some hypothetical, absolute worst form of the offense. Id. There is no one worst form of an offense. Id. The court must consider the totality of the circumstances to determine whether a defendant has committed a worst form of the offense. State v. Garrard (1997),124 Ohio App.3d 718, 722. When reviewing the seriousness of an offender's conduct, the trial court is guided by R.C. 2929.12(B) which lists factors for the trial court to consider. As relevant to this case, these factors include:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
* * *
 (6) The offender's relationship with the victim facilitated the offense.
R.C. 2929.12(B). The trial court may also consider any other relevant factors. R.C. 2929.12(B).
The trial court expressly found that appellant committed the worst form of gross sexual imposition and attempted gross sexual imposition. In support of its finding that appellant's offenses are the worst forms, the trial court gave ample supporting reasons on the record, covering fifty-six lines of the sentencing transcript. Contrary to appellant's suggestions, the trial court's findings exemplify the reasoning contemplated by R.C. 2929.14(C). The trial court noted that sexual contact and attempted sexual contact by a father with his four-year-old daughter were the worst forms of gross sexual imposition and attempted gross sexual imposition. The trial court noted that appellant's relationship to the victim facilitated his crimes, but also made them all the more deplorable. The trial court, at length, also discussed the probable psychological effects of appellant's actions upon the victim due to her age and his relationship to her as a parent. Therefore, the record supports the trial court's finding that appellant committed one of the worst forms of the offenses. The trial court's decision to sentence appellant to the maximum terms for his offenses is amply supported by the record and is not contrary to law.
Appellant's first assignment of error is overruled.
Assignment of Error No. II:
 THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT WAS LIKELY TO COMMIT A FUTURE SEX OFFENSE AND FOUND HIM TO BE A SEXUAL PREDATOR.
In his second assignment of error, appellant argues that the trial court erred by adjudicating him to be a sexual predator. Appellant asserts that the trial court's decision was based on mere speculation or conjecture.
R.C. 2950.09(B)(2) provides that the trial court in making a determination as to whether an offender is a sexual predator "shall consider all relevant factors including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one of more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court must "consider" these factors before adjudicating an offender to be a sexual predator, which simply means that the trial court must reflect upon them or "think about them with a degree of care or caution." State v. Thompson (2001), 92 Ohio St.3d 584, 588 fn. 1. However, the trial court has the discretion to determine what weight, ifany, to assign the factors. Id. at paragraph one of the syllabus.
In reviewing the factors and any other relevant characteristics under R.C. 2950.09(B)(2)(j), the trial court may look into the defendant's past behavior. Boshko, 139 Ohio App.3d at 840. The trial judge may use reliable hearsay such as a presentence investigation report when making the sexual predator determination. State v. Cook (1998),83 Ohio St.3d 404, 425. The trial court may also rely upon victim impact statements. See id. at 424; State v. Southerland (Dec. 30, 1999), Butler App. No. CA99-01-013, unreported. The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2). Boshko at 840. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. Id. A single conviction may support a finding that a defendant is a sexual predator in certain cases. Id.
In this case, the trial court considered the evidence that weighed in favor of finding some of the statutory factors listed in R.C.2950.09(B)(2). Evidence at the hearing demonstrated that appellant was thirty-two years old when he engaged in sexual conduct with the victim. The victim was his four-year-old daughter. Appellant committed multiple offenses. The offenses were committed surreptitiously under circumstances where the victim would be unlikely to disclose the conduct. Appellant could offer no reason why he committed the offenses and had not sought any treatment.
We find that there is clear and convincing evidence in the record to support the trial court's determination that appellant is a sexual predator. Appellant's second assignment of error is overruled.
VALEN, P.J., and WALSH, J., concur.